## Commonwealth v. Heller

*Oliver M. Wolff*, first assistant district attorney, for Commonwealth.

*John P. Wanner*, for defendant.

SCHAEFFER, P. J., October 14, 1936.—The single issue is whether the trial judge in this fornication and bastardy case erred in sustaining the Commonwealth's objection to questions by defendant which were intended to show that prosecutrix had had sexual relations with men other than defendant at times other than that in which the child must have been conceived. The child was born to prosecutrix on December 8, 1935. Prosecutrix testified that defendant had had intercourse with her on March 9th, March 16th, March 23d, and once or twice in April. The child was produced at the trial and appeared to be healthy and normal in every way. There was not a word of testimony, nor any offer to prove, that the period of gestation had not been the usual and normal period of about nine months. Defendant had, therefore, failed to lay any ground which would have made pertinent and material testimony as to prosecutrix's relation with other men at a time more than a month before or a month after March

8th. The ruling of the court here complained of was the sustaining of objections to questions as to intercourse with prosecutrix in December 1934. As this child could not, according to natural laws, have possibly been conceived during that month, the ruling was clearly correct.

"In a prosecution for fornication and bastardy, evidence whether the mother had intercourse with other people before or since was entirely irrelevant and collateral to the issue except at a time or within a reasonable time of the conception": Commonwealth v. Gantt, 76 Pitts. 611.

And in Commonwealth v. Keller, 17 Berks 101, President Judge Endlich held that such reasonable time was within a month before or after the time of conception.

And now, October 14, 1936, the rule for a new trial is discharged.